# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Linus Lyle Landsberger, | No. CV-26-00180-TUC-JEM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Circle K Stores Incorporated, et al., | |
| Defendants. | |

On December 27, 2025, *pro se* Plaintiff Matthew Linus Lyle Landsberger[1] filed a Complaint (Doc. 1-1)[2] in the Arizona Superior Court, Santa Cruz ("State Court") against a number of entity Defendants. Over the following three months, Plaintiff filed successive "Second,"[3] "Third," "Fourth," and "Fifth" amended complaints. (Doc. 1-3 at 1-603.)

On March 10, 2026, Plaintiff filed a Request for Entry of Default Judgment referencing a "Sixth" amended complaint in State Court, despite no "Sixth" amended

[1] On April 27, 2026, Thomas Fink, Presiding Judge for the Arizona Superior Court, Santa Cruz County, issued a Show Cause Order, stating that that court "believes that the above-named *pro se* litigant [Landsberger] has engaged in vexatious conduct under A.R.S. Section 12-3201." *See Landsberger v. Weidner Corp.*, Case No. 4:26-cv-00109-RM (Doc. 12 at p. 2; Doc. 12-6 at p. 2.) The State Court held a hearing on May 6, 2026 to determine whether Plaintiff should be designated a vexatious litigant. The Show Cause Order references four cases that Plaintiff has initiated in the Superior Court of Santa Cruz County: *Landsberger v. City of Nogales* (CV-2025-452); *Landsberger v. Weidner Corporation* (CV-0025-461); *Landsberger v. Circle K* (CV-2025-468); and *In re the Matter of Matthew Linus Lyle Landsberger* (CV-2026-004). This case is one of the actions Plaintiff initiated in State Court (*Landsberger v. Circle K* (CV-2025-468)).

[2] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

[3] Plaintiff did not file a "First" amended complaint.

complaint being filed. On March 14, 2026, Plaintiff emailed Chase Bank a copy of the Fourth Amended Complaint only, requesting that Chase Bank accept of service. On March 25, 2026, Defendant Walmart filed a Motion to Dismiss the Fifth Amended Complaint in the state court. (Doc. 1-3 at p. 612-624.)

On April 7, 2026, Chase Bank filed an Acceptance of Service of the Fourth Amended Complaint (hereinafter, "Complaint") and removed this action to the United States District Court for the District of Arizona. (Doc. 1.) No Defendant has been served with a Summons. Nor has any Defendant, other than Chase Bank, executed a waiver and acceptance of service.

Briefly, the Complaint predominately alleges that at least 47 separate business entities in Nogales, Arizona, along with the City of Nogales, the Santa Cruz County Sheriff's Office, the United States Drug Enforcement Administration, and the United States Border Patrol along with agents, coordinated and conspired with each other to exclude Plaintiff from private establishments in violation of 42 U.S.C. § 1983.

As explained below, this Court finds that the Complaint fails to allege any facts to support Plaintiff's conspiracy theory upon which diversity jurisdiction may exist. This Court also finds that the Complaint otherwise fails to allege a basis for the exercise of federal jurisdiction. This Court also finds that joinder of the close to 50 named Defendants violates Rule 20 of the Federal Rules of Civil Procedure.

Dismissal of all alleged federal claims and remand[4] of this matter to the State Court is recommended.

### *Pro Se* **Claimants**

"The Court must liberally construe pleadings submitted by a *pro se* claimant, affording the claimant the benefit of any doubt." *Ticktin v. C.I.A.*, No. CV08-998-PHX-MHM, 2009 WL 976517, at *1 (D. Ariz. Apr. 9, 2009) (citing *Karim–Panahi v. L.A. Police*

---

[4] Remand of a matter to state court is typically a non-dispositive pretrial matter that does not terminate the litigation or dispose of any claims and is therefore appropriate for ruling by a United States Magistrate Judge. *See Haines v. Get Air Tucson Inc.*, No. CV-15-00002-TUC-RM (EJM), 2015 WL 13755396, at *1, n.1 (D. Ariz. Apr. 15, 2015). However, since this Court recommends dismissal of all claims alleged under federal law, this Court proceeds on Report and Recommendation.

*Dep't*, 839 F.2d 621, 623 (9th Cir.1988)). "However, the Court 'may not supply essential elements of the claim that were not initially pled.'" *Ticktin*, 2009 WL 976517, at *1 (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Federal Jurisdiction**

Federal courts are courts of limited jurisdiction, and generally have jurisdiction as authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. Section 1446, Title 28, of the United States Code provides, in pertinent part:

> **(a) Generally.** -- A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal [. . .].
>
> **(b) Requirements; generally.** -- (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

***Sua Sponte* Dismissal Under Fed. R. Civ. P. 12(b)(1) is Appropriate**

The Court may question subject matter jurisdiction at any time *sua sponte*. *See O'Brien v. Dept. of Justice,* 827 F. Supp. 382, 384 (D. Ariz. 1995) (citing Fed. R. Civ. P. 12(h); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977)). The United States Court of Appeals for the Ninth Circuit has recognized that the district court may apply the substantiality doctrine to determine that it lacks subject matter jurisdiction. *See Patel v. Patel*, 473F. Appx. 589, 590 (9th Cir. 2012).

Under the substantiality doctrine, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' [are] 'wholly insubstantial,' [or are] 'obviously frivolous,'…" *O'Brien v. Dept. of Justice,* 827 F.Supp. 382, 384 (D. Ariz. 1995) (quoting *Hagan v. Lavine*, 415 U.S. 528, 537 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974)); *see also Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417 (9th Cir. 1991).

In considering whether the Court has subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court "is not limited to the facts asserted in the complaint, nor is the court required to assume the truthfulness of the factual allegations within the complaint." *Ticktin*, 2009 WL 976517, at *2 (quoting *Taha v. C.I.A.*, 2007 WL 4287598, at *1 (D. Or. 2007) (citing *Americopters, LLC v. FAA*, 441 F.3d 729, 732 n.4 (9th Cir. 2006) (recognizing that under Rule 12(b)(1), Fed. R. Civ. P., the district court is not confined by the facts contained in the four corners of the complaint and it may consider facts and need not assume the truthfulness of the complaint).

Here, the Complaint alleges an implausible conspiracy between: Circle K, International House of Pancakes, McDonald's, Chase Bank, Walmart, Hobby Lobby, Safeway, Carl's Jr., Hotel Mariposa, Dunkin' [Donuts], Panda Express, Holiday Inn Express, OKIROKI Suchi Wings, Jack In the Box, Fasttrip, Chipotle Mexican Grill, Subway, Candlewood Suites Nogales by IHG, J.C. Penny, CSL Plasma, Motel 6 Nogales, KFC, Ragazzi Italian Restaurant, Crossroads Nogales Mission, HOPE, Inc., Ross, Planet Fitness, Inc., AT & T Mobility, LLC, AT & T Authorized Retail Location, Pilot Travel Center, Caracu LLC, Dollar Tree, Next Care Urgent Care, CrossFit Tutuli, LLC, JRS Jumpin' Jack, Nogales Market #1, Santa Cruz County Sheriff's Office, Starbucks, United Staes Border Patrol, Nogales Public Library, Nogales Recreation Center, Nogales Fire Department, United States Drug Enforcement Administration. (Doc. 1-3 at p. 467-469.) Plaintiff summarily alleges, in relevant part, that Defendants "acted jointly with, conspired with, or relied upon state actors to effectuate unlawful exclusions and detentions." (Doc. 1-3 at p. 459.)

- 4 -

To state a conspiracy claim, a plaintiff must allege "specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). A plaintiff must plausibly allege an agreement or "meeting of the minds" to violate constitutional rights. *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Allegations of parallel conduct, standing alone, are insufficient. *See Bell Atlantic Corp. Twombly*, 550 U.S. 544, 556-57 (2007) (rejecting conspiracy claims based on conduct that is merely consistent with agreement).

Plaintiff's attempt to plead a multi-defendant conspiracy fails as a matter of law because the Complaint contains no non-conclusory factual allegations showing the existence of any agreement involving Defendants. The Complaint alleges no facts showing that any Defendant entered into any agreement—express or implied—with any other Defendant. Plaintiff does not allege any communication, coordination, or shared objective involving the numerous Defendants. Instead, Plaintiff relies on a series of unrelated incidents involving different businesses and the Court is left to speculate as to the existence of a coordinated scheme.

For instance, Plaintiff alleges that while he was "lawfully present in Nogales, Arizona" he observed coordinated surveillance and tracking by multiple Nogales Police Department units." (Doc. 1-3 at p. 490.) He alleges that patrol vehicles #800 and #796 were observed "multiple times in close proximity to [his] movements." *Id*. at p. 491. He alleges that vehicle #796 was observed near an area where he "recently exited[.]" *Id*. He alleges these actions created an unconstitutional seizure. *Id*.

Plaintiff alleges that he observed "an individual inside a haircut establishment who identified himself as Joe Bunting, appearing to be an undercover police officer." *Id*. at p. 492. Plaintiff alleges that the individual was in street clothes "yet appear[ed] to possess a badge and firearm." *Id*. Plaintiff alleges "[w]hen asked directly whether he was a police officer, he responded evasively and confrontationally." *Id.* Plaintiff alleges these actions violated Arizona state law. *Id*.

He alleges that the Nogales Fire Department "responds to an extinguishes only approximately one actual fire every two years." (Doc. 1-3 at p. 554.) He claims that despite "this low incident of structural fires" the fire department vehicles "repeatedly travel up and down streets in Nogales, including near [his] residence . . . with sirens blaring at high volume several time per day, often without apparent justification tied to imminent life-threatening emergencies." *Id*. Plaintiff alleges that this startles him and that the City's failure to limit siren use to "genuine emergencies" constitutes a reckless disregard for public safety. *Id*.

Plaintiff also alleges that while purchasing something from Starbucks he was 42 cents short. *Id*. at p. 493-494. He claims to have mistaken the Starbucks employee tip jar for a jar of loose change and took the 42 cents from the tip jar. *Id*. at p. 494. He claims a Starbucks employee indicated this was not a problem but a Starbucks employee called the police anyway. *Id*. He alleges Starbucks' actions were unreasonable, disproportionate, and foreseeably likely to result in [his] detention, arrest, and exclusion[.]" *Id*.

Plaintiff alleges that while he was in a Circle K restroom an individual who was not clearly identified as an employee unlocked the door without his consent. *Id*. at p. 497. He claims he was accused of illegal drug use and the police were called. *Id*. He came back to Circle K the next day "for lawful purposes" and was told by a Circle K employee that he had to leave. *Id*. at p. 498.

Plaintiff alleges that in "the early morning hours" he was in a Walmart parking lot when he "reasonably believed he was being followed or surveilled by an unfamiliar vehicle" and he was in fear for his safety. *Id*. at p. 495. Walmart's doors were locked and Plaintiff claims that an employee let him in an "alternate entrance." *Id*. He went into the bathroom and "within approximately ten minutes" a Walmart manager came into the bathroom and told him to leave. *Id*. at p. 496. Police were called and Plaintiff was trespassed from Walmart. *Id*.

Plaintiff alleges that he was at McDonald's when he was confronted by an employee. *Id*. at p. 499. Plaintiff alleges the employee wanted Plaintiff to go outside and

fight him. (Doc. 1-3 at p. 499.) According to Plaintiff, the employee changed his mind about fighting and Plaintiff reported to McDonald's management that he was challenged to a fight by an employee. *Id*. Plaintiff alleges that McDonald's management called the police and he was "trespassed from the restaurant without explanation[.]" *Id*.

In sum, Plaintiff's Complaint asserts claims against numerous unrelated Defendants based on his exclusion from various businesses at various times and under different circumstances. *See also,* Doc. 1-3 at p. 502 (Plaintiff alleges he was told by a Panda Express employee that he could take a cup for water but a Panda Express employee called police when he did so and he was trespassed from the restaurant); *Id*. at p. 504 (alleging Plaintiff was trespassed from Fasttrip when he "attempted to interact with other patrons in a lawful manner, advising them to communicate in English"); *Id*. at p. 503 (alleging Plaintiff was trespassed from J.C. Penny when he was suspected of stealing cologne); *Id*. at 504-505 (alleging Plaintiff was trespassed from Ross for allegedly remaining in the restroom without purchasing anything "despite the fact that he picked up trash in front of the store each morning in good faith to show respect and consideration for the premises[.]").

This Court finds Plaintiff's claim of a vast conspiracy amongst the named Defendants to be frivolous. *See Zukowska v. United States Department of Homeland Security*, Case No. 3:17-cv-00354-AC, 2018 WL 8017163, at *7 (D. Or. Dec. 28, 2018), *report and recommendation adopted*, No. 3:17-CV-00354-HZ, 2019 WL 1586754 (D. Or. Apr. 11, 2019) (finding Plaintiff's contention that Defendants orchestrated and perpetrated a massive conspiracy, necessitating the participation of seemingly hundreds of agents, for the purpose of violating Plaintiff's constitutional rights and causing her physical, emotional, and financial harm that, while sincere, "are of the sort considered by other courts to be wholly insubstantial and devoid of merit," and dismissing complaint for lack of subject matter jurisdiction).

**"Joint Action" Allegations Based on 42 U.S.C. § 1983 Fail to State a Claim**

Plaintiff summarily alleges "joint action" allegations against some of the named Defendants. *See e.g.*, Doc. 1-3 at p. 559 (against Starbucks); *Id*. at p. 561 (against Walmart);

at p. 562-563 (against McDonald's); *Id*. at p. 563-564 (against Chase Bank); *Id*. at p. 564 (against Panda Express); *Id*. at p. 565 (against Fasttrip); *Id*. at p. 565-566 (against J.C. Penny); *Id*. at p. 566-567 (against Hotel Mariposa); and *Id*. at pp. 567-568 (against Ross). In these allegations, Plaintiff claims that by either involving law enforcement or invoking police authority, Defendants acted in concert with "state actors." *See Id*.

The joint action test asks, "whether the state has 'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity.' " *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1180 (N.D. Cal. 2022), *aff'd sub nom. O'Handley v. Weber*, 62 F.4th 1145 (9th Cir. 2023) (citing *Gorenc v. Salt River Project Agr. Imp. & Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)). "[A] bare allegation of such joint action" is insufficient to state a claim. *O'Handley*, 579 F. Supp. 3d at 1180 (quoting *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000)). The Supreme Court has explained:

> [A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives.

*O'Handley*, 579 F. Supp. 3d at 1180 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004–05, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

The Ninth Circuit has required "substantial cooperation" or that the private entity's and government's actions be "inextricably intertwined." *O'Handley*, 579 F. Supp. 3d 1180 (quoting *Brunette v. Humane Society of Ventura Cnty.*, 294 F.3d 1205, 1211 (9th Cir. 2002)). "A conspiracy between the State and a private party to violate constitutional rights may also satisfy the joint action test." *O'Handley*, 579 F. Supp. 3d at 1180 (citing *Brunette*, 294 F.3d at 1211). The private and government actors must have actually agreed to "violate

constitutional rights." *O'Handley*, 579 F. Supp. 3d at 1180 (citing *Fonda v. Gray,* 707 F.2d 435, 438 (9th Cir. 1983)).

Plaintiff's bare allegation of joint action is insufficient to state a claim under 42 U.S.C. § 1983. *See O'Handley*, 579 F. Supp. 3d at 1181 (holding that "[o]ne party supplying information to another party does not amount to joint action." (citing *Lockhead v. Weinstein*, 24 Fed. Appx 805, 806 (9th Cir. 2001) ("[M]ere furnishing of information to police officers does not constitute joint action*"); Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1124 (N.D. Cal. 2020) ("supplying information to the state alone [does not amount] to conspiracy or joint action"); *Deeths v. Lucile Slater Packard Children's Hospital at Stanford*, No. 1:12-cv-02096-LJO, 2013 WL 6185175, at *8, 9 (E.D. Cal. Nov. 26, 2013) ("Even if Dr. Stirling made false statements to Kern County social workers regarding the need to remove R.D. from Plaintiff's care, supplying information alone does not amount to conspiracy or joint action under color of state law.")

**Sovereign Immunity/*Bivens* Claims**

"The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton*, 107 F.3d 705, 707 (9ᵗʰ Cir. 1997). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit*." FDIC v. Meyer*, 510 U.S. 471, 475 (1993).

Plaintiff asserts claims against the United States Drug Enforcement Administration and the United States Border Patrol. (Doc. 1-3 at p. 469, 538-540, 546-547.) Plaintiff also attempts to allege claims against Doe Defendant agents. *Id*. at p. 456. Broadly construed, the Complaint purports to assert a *Bivens* action, which enables victims to sue individual federal officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 389, 397 (1971).

A *Bivens* action arises out of illegal or inappropriate conduct on the part of a federal official or agent in violation of a clearly established constitutional right. *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003). To prevail on a *Bivens* claim, Plaintiff must allege and establish: (1) s/he was deprived of a right secured by the

constitution, and (2) Defendants acted under color of federal law. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). A *Bivens* claim is not available against a federal agency. *Meyer*, 510 U.S. at 486. A *Bivens* claim is available against officers only in their individual capacities, not their official capacities. *Morgan*, 323 F.3d at 780 n.3; *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996).

To the extent that Plaintiff asserts claims against Defendants United States Drug Enforcement Administration and the United States Border Patrol, he has failed to demonstrate that the federal government has waived its sovereign immunity and, consequently, that the district court has subject matter jurisdiction over his claims. *See Balser*, 327 F.3d at 907 (holding that any agency of the United States is immune from suit unless it has waived immunity); *Rodriguez v. Hemit*, Case No. C16-778 RAJ, 2018 WL 3618260, at *3 (W.D. Wash. July 30, 2018) (dismissing non-specific and vague constitutional claims brought pursuant to § 1983 against individual defendants, U.S. Post Office and other federal agencies for lack of subject matter jurisdiction).

Plaintiff has also failed to allege that any federal officers acted in their individual capacities. Indeed, Plaintiff affirmatively alleges that "each DOE Border Patrol Defendant acted within the scope of their federal employment and/or under the appearance of official authority." (Doc. 1-3 at p. 466.)

The Complaint fails to state a *Bivens* claim.

**Eighth Amendment Deliberate Indifference Claim**

Plaintiff alleges a deliberate indifference claim against Defendant Nogales Police Department. *See* Doc. 1-3 at p. 481-482. He claims that he was deprived of his personal property for four (4) days, from December 25, 2025 (the day he was released from custody) to December 29, 2025 (the day he received his property).

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991),

*overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *Id*. at 1059 (citing *Estelle*, 429 U.S. at 104, 97 S.Ct. 285). Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. *McGuckin,* 974 F.2d at 1060. This second prong—the defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id*. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. at 1059 (quoting *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988)).

Plaintiff's deliberate indifference claim alleges he was deprived of his personal property for four (4) days from Christmas Day 2025 to December 29, 2025. Plaintiff fails to allege both a serious medical need and that Defendants' response to his serious medical need was deliberately indifferent.

The Complaint fails to allege a deliberate indifference claim against the City of Nogales.

**Allegations Against Stanta Cruz County Sheriff's Office**

Plaintiff appears to assert claims against the Santa Cruz County Sheriff's Office related to alleged events that occurred while he was at a Pilot Gas Station (Doc. 1-3 at pp. 505-507; 508-510), at the Superior Court (*Id*. at p. 507-508; 510-511); and in custody at the Santa Cruz County Jail (*Id*. at p. 512-524). After describing a number of alleged events that occurred over a period of time at the Pilot Gas Station, the Superior Court, and in the Santa Cruz County Jail, Plaintiff recites what he styles as a legal framework for failure to protect claims. (Doc. 1-3 at p. 520-522.) This Court finds that Plaintiff's allegations, while numerous, fail to properly allege a federal claim. *See Stefani v. Longhorn*, No. 2:23-CV-00343-HL, 2023 WL 11842588, at *1 (D. Or. Mar. 22, 2023) (holding that, [t]he [c]ourt

must be able to determine from a short and plain statement the grounds for federal jurisdiction. [The plaintiff's] [c]omplaint lists a total of 24 statutory sections without any explanation for how any of these sections support the [c]ourt's jurisdiction. Compl. II(A). Throughout [the plaintiff's] claims for relief, he relists multiple statutory sections after statements of facts but again fails to provide any short and plain statement describing a federal cause of action. Compl. Ex. 1. Listing a series of 24 different statutory sections after various factual paragraphs fails Rule 8's short and plain statement requirement.").

**Americans With Disabilities Act and Discrimination in Public Accommodation Claims**

Plaintiff summarily alleges certain Defendants violated the Americans With Disabilities Act ("ADA"). *See, e.g.*, Doc. 1-3 at p. 586 (ADA claim against Defendant NextCare Urgent Care); *Id*. at p. 591 (ADA claim against Defendant Nogales Market #1). Plaintiff also summarily alleges certain Defendants discrimination against him in "Public Accommodation." *See, e.g.*, Doc. 1-3 at p. 590 (public accommodation claim against Defendant Nogales Market #1); *Id*. at p. 593 (public accommodation claim against Defendant KFC "and similar Defendants").

Plaintiff's allegations are assertions that a Defendant violated the law and do not state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." quoting *Twombly*, 550 U.S. 544.)

**Joinder of the Numerous Named Defendants is Improper**

Permissive joinder is governed by Federal Rule of Civil Procedure 20(a)(2), which requires that claims arise out of the same transaction, occurrence, or series of transactions or occurrences *and* present a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Where claims involve distinct events and unrelated conduct, joinder is improper under Rule 20, Fed. R. Civ. P.  If the requirements of Rule 20(a) are met, a district court must examine

whether permissive joinder would 'comport with the principles of fundamental fairness[.]'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

The Complaint alleges numerous separate incidents involving different businesses, Government agencies, locations, time periods, and personnel. This Court finds that the incidents alleged, some of which are mentioned above, share **no transactional nexus**. Additionally, this Court finds that joinder of the almost 50 named Defendants would not comport with the principles of fundamental fairness.

**Dismissal of Federal Claims and Remand to State Court is Recommended**

Dismissal with prejudice is appropriate where amendment would be futile or where a plaintiff has repeatedly failed to cure deficiencies. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied for futility*); Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (repeated failure to cure deficiencies supports denial of leave). Plaintiff has amended his complaint multiple times yet continues to rely on conclusory allegations and legally deficient theories. Given these repeated failures, it appears that further amendment would be futile. This Court recommends dismissal of the federal claims.

The Complaint purports to assert state law claims which this Court, in its discretion, declines to review finding that it would not exercise supplemental jurisdiction over these claims. This Court recommends remand of the alleged state court claims to the State Court. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (recognizing that "[w]hile discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in [28 U.S.C.] § 1367(c), it is informed by the [*United Mine Workers v.*] *Gibbs*[, 383 U.S. 715 (1966),] values "of economy, convenience, fairness, and comity.").

Plaintiff initiated this action, and therefore chose to litigate this action, in State Court. Plaintiff appears to be a resident of Nogales, Arizona, and he seeks to bring claims against predominately local entities. Thus, it appears that the State Court is a convenient

forum for the parties. Remand of this action will also further principles of comity as remand will not interfere the State Court's consideration of this action in its determination of whether Plaintiff will be designated a vexatious litigant. *See* n.1, *supra*.

### RECOMMENDATION[5]

For the foregoing reasons, it is **RECOMMENDED** that the district court **DISMISS** the federal claims alleged in the Complaint and **REMAND** the remaining alleged claims under state law to State Court.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **26-cv-180-RCC**.

Dated this 14th day of May, 2026.



James E. Marner
United States Magistrate Judge

---

[5] General Order 21-25 directs the undersigned United States Magistrate Judge to prepare a Report and Recommendation to the appropriate designee. Accordingly, the undersigned directs this Report and Recommendation to Senior United States District Court Judge Raner C. Collins.